AMERICAN STEEL FOUNDRIES et al. v. SCULLIN-GALLAGHER IRON & STEEL CO.

(Circuit Court of Appeals, Eighth Circuit. May 15, 1912.)

No. 3,675.

PATENTS (§ 99*)—VALIDITY—CAR TRUCK—DESCRIPTION.

The Hardie patent, No. 569,044, for a metallic car truck, is void because the only feature claimed to possess patentable novelty was not presented in the application, but, so far as such application is concerned, is wholly without use or function.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 133–135, 137–139; Dec. Dig. § 99.*]

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.

Suit in equity by the American Steel Foundries and the J. S. Andrews Company against the Scullin-Gallagher Iron & Steel Company. Decree for defendant, and complainants appeal. Affirmed.

Charles C. Linthicum (Linthicum, Belt & Fuller and George F. Haid, on the brief), for appellants.

George L. Wilkinson (Thomas F. Sheridan and Robert & Robert, on the brief), for appellee.

Before SANBORN, ADAMS, and CARLAND, Circuit Judges.

CARLAND, Circuit Judge. Appellants filed their bill in the Circuit Court against appellee for infringement of the Hardie patent, No. 569,-044, for improvement in metallic car trucks. On final hearing the bill was dismissed, and this appeal is from that decree.

Figure 1 of the patent drawing is as follows:

Claims 2, 3, and 6 of the patent are sued on and read as follows:

"2. A car struck, comprising two truck-arches rigidly connected with each other, each truck-arch having a transverse opening, the upper portion of which is contracted, a truck-bolster fitted in the upper portion of said openings, and springs seated in the openings and below the truck-bolster and respectively bearing against the truck-bolster, substantially as described.

"3. A truck having two truck-arches, each formed with an opening, the upper portion of which is contracted, a truck-bolster having its ends respectively fitted within the upper portions of said openings, and means within the openings and below the truck-bolster by which the truck-bolster is held in place, substantially as described."

"6. A truck having a truck-arch formed with an opening, the central portion of which is enlarged over the terminals, a spring-seat fitted within the contracted lower portion of the opening, springs rested on the spring-seat and a truck bolster fitted within the upper contracted portion of the opening and engaged by the springs, substantially as described."

The invention here involved consists in a combination truck having as an essential element a transverse opening in each truck-arch or side frame in such a form as enables its use with all kinds of bolsters. This is the only structural novelty relied on. The new feature of this opening is found in the contracted upper portion whereby a bolster constructed with column guides, integral or otherwise, upon its opposite sides may be passed through the enlarged portion of the opening in the side frame of the one-piece side frame, and then be raised into and maintained in contact with the sides of the contracted upper portion of the opening of the arch or side frame, so as to resist any substantial backward or forward movement of the bolster, and make a comparatively rigid connection between the two side frames. The application upon which the patent in suit was granted was filed January 25, 1896. Of the four original claims asked for, none claimed the contracted upper part of the enlarged central portion. Original claims 1, 2, and 4 were rejected. Original claim 3, which covered principally the means for placing and holding the bolster in the contracted

upper part, was. allowed. Thereupon Hardie canceled original claims 1, 2, and 4, and added claims 2 to 9 inclusive, among which appear the claims in suit. Now, for the first time, appears a claim for the contracted upper end and the enlarged central portion of the opening. No new specification or drawings were filed, nor was the change in the claim sworn to. The drawings disclose the contracted upper portion and the enlarged central portion of the opening, but no reference is made thereto in the specification.

Upon substantially the same record as is now before us, the Court of Appeals of the Seventh Circuit, in the case of Wolff Truck Frame Company, Appellant, v. American Steel Foundries and J. S. Andrews Company, Appellees, 195 Fed. 940, 115 C. C. A. ——, held the Hardie patent to be invalid. In the opinion of the court it is said:

"Within the loosest construction of the statute requiring full, clear, concise description, the appellees' contention respecting the lawful scope of the patent in suit cannot be sustained. Merrill v. Yeomans, 94 U. S. 568 [24 L. Ed. 235]; Bates v. Coe, 98 U. S. 31 [25 L. Ed. 68]; The Incandescent Lamp Patent, 159 U. S. 465 [16 Sup. Ct. 75, 40 L. Ed. 221]."

We are satisfied that the only patentable novelty claimed by appellant was not presented in the original application for the patent in suit, and, so far as the original application is concerned, the novelty resides in an element wholly without use or function. Both upon our own consideration of the case, and upon principles of comity, we follow the decision of the Court of Appeals of the Seventh Circuit.

The decree of the trial court is therefore affirmed.

ADAMS, Circuit Judge, concurs in affirming this decree on the ground that the patent is invalid because it contains no adequate written description of the invention as required by section 4888, R. S. (U. S. Comp. St. 1901, p. 3383).